IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
OMAHA DIVISION

JAMES L. WILKINS, )
)
Plaintiff, )
) C.A. No. 8:06cv740
vs. )
)
UNION PACIFIC RAILROAD COMPANY, )
a Delaware Corporation, )
)
Defendant. )

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, James L. Wilkins, by his attorneys, Yaeger, Jungbauer& Barczak, Ronald J. Barczak, for his causes of action against the Defendant railroads, states as follows:

### COUNT 1
### FEDERAL EMPLOYERS' LIABILITY ACT
### AGAINST DEFENDANT UNION PACIFIC RAILROAD COMPANY

1.  That at all times material herein, Plaintiff, James L. Wilkins, was and is a resident of the City of North Platte, County of Lincoln, State of Nebraska.

2.  That at all times material herein, Defendant, Union Pacific Railroad Company (hereinafter "Union Pacific") was and is a corporation duly organized and existing under the laws of the State of Delaware, was engaged as a common carrier in interstate commerce and was operating a system of railroads in and through the several states, including the State of Nebraska; this system includes lines of track in the District where this action is filed.

1

3. That at all times material herein, Plaintiff, James L. Wilkins, was in the employ of Defendant Union Pacific and that at the time of the occurrence of the incident described herein, all or part of Plaintiff's duties were in the furtherance of Defendant Union Pacific's business of interstate commerce.

4. That the jurisdiction of this Court is based upon Title 45 U.S.C. § 51, et seq., commonly known as the Federal Employers' Liability Act (FELA); and that this action is timely commenced within the meaning of 45 U.S.C. § 56.

5. That on or about February 4, 2006, at approximately 5:30 p.m., Plaintiff was working in the course and scope of his employment as a yardman/helper for the Defendant Union Pacific at the East Hump of the Bailey Yard in North Platte, Nebraska. Plaintiff was required to work as a pin lifter uncoupling railroad cars which entailed walking and standing along side of railroad cars. While pulling a defective pin on the East hump, Plaintiff, James L. Wilkins was caused to stumble and fall on hazardous debris in the walkway, and as a result thereof, Plaintiff was caused to suffer severe and permanent injuries.

6. That the February 4, 2006, injuries sustained by Plaintiff and the resulting damages came about as a direct result, in whole or in part, of the negligence of Defendant Union Pacific, its agents, employees and officers, and in violation of the FELA, 45 U.S.C. § 51 et seq., to wit, Defendant Union Pacific was negligent:

    a. in failing and neglecting to provide Plaintiff with a reasonably safe place to work as required by law;

    b. in failing and neglecting to provide Plaintiff with safe and proper walkways, work areas and premises in which to do assigned work;

    c.    in failing and neglecting to properly inspect, maintain and repair its walkways, work areas and premises used by its employees so that the same became hazardous to the safe footing of its employees;

    d.    in negligently creating and permitting an unsafe, dangerous and hazardous condition to exist on its walkways, work areas and premises where its employees were required to work;

    e.    in negligently assigning Plaintiff to work at an unsafe, hazardous and dangerous place with dangerous and defective walkways, work areas and premises;

    f.    in failing and neglecting to properly warn Plaintiff of the dangers which confronted him;

    g.    in failing and neglecting to provide proper supervision of the work assigned to Plaintiff;

    h.    in failing and neglecting to adopt, enforce, and carry out safe customs and practices in doing said work;

    i.    in failing and neglecting to adopt, install, implement and enforce safe methods and procedures for the work assigned to Plaintiff;

    j.    in failing and neglecting to provide adequate lighting in its rail yard and along its walkways where employees are required to walk in performance of their duties; and

    k.    other acts of negligence.

7.    That due, in whole or in part, to the foregoing negligence of Defendant Union Pacific in violation of the FELA, 45 U.S.C. §51 et seq., Plaintiff, James L. Wilkins, sustained severe and disabling injuries to his body and mind, including his hand and related muscles, tissues and internal parts thereof; that Plaintiff has suffered in the past and will continue in the future to suffer pain and anguish and loss of enjoyment of life; and that he was otherwise injured and may be permanently disabled.

8. That due, in whole or in part, to the foregoing negligence of Defendant Union Pacific in violation of the FELA, 45 U.S.C. § 51 et seq., Plaintiff, James L. Wilkins, has lost wages in the past, and will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

9. That in an effort to treat, heal and relieve his injuries, Plaintiff, James L. Wilkins, has spent and may continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

## COUNT TWO
## FEDERAL SAFETY APPLIANCE ACT
## AGAINST DEFENDANT UNION PACIFIC RAILROAD COMPANY

10. Plaintiff James L. Wilkins incorporates and realleges paragraphs 1 through 9 of Plaintiff's cause of action under Count One as though set forth at length in detail herein.

11. Plaintiff further alleges that he was injured by reason of the Defendant's violation of the Federal Safety Appliance Act, commonly known as the FSAA, 49 U.S.C. §20301, et seq. (former version at 45 U.S.C. §1-16), in that it used or allowed to be used on its railroad line equipment for a car which was defective and unsafe in that it was equipped with an unsafe and defective pinlifter so that Plaintiff was caused to be injured and damaged as hereinafter set forth.

12. That Title 49, Chapter 203 of the FSAA (formerly 45 U.S.C. §1-16) comprise "statutes enacted for the safety of employees" within the meaning of 45 U.S.C. §53, and that Plaintiff's injury was caused, in whole or in part, by Defendant's aforesaid violation of the FSAA and accompanying federal regulations and statutes.

13. That due in whole or in part to Defendant's violation of the Federal Safety Appliance Act, Plaintiff has sustained permanent and disabling injuries and has suffered and will continue to suffer bodily and mental pain, and loss of enjoyment of life.

14. That due in whole or in part to Defendant's violation of the Federal Safety Appliance Act, Plaintiff sustained a loss of wages and fringe benefits, and may continue to sustain a loss of wages and fringe benefits into the future; may continue to suffer permanent loss or diminution of earning capacity; and that Plaintiff incurred and may incur into the future expenses for medical, hospital, nursing, and related care, the exact amount of which expenses Plaintiff is unable to accurately estimate and determine at this time.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully designates Omaha Division as the place of trial and requests a jury.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered in favor of the Plaintiff and against the above-named Defendant in an amount sufficient to fully compensate said Plaintiff for the damages and losses suffered, to be proven at trial, together with his attorneys fees, interest and costs incurred herein, and whatever other and further relief the Court may deem appropriate and just.

**YAEGER, JUNGBAUER & BARCZAK, PLC**
Ronald J. Barczak
745 Kasota Avenue
Minneapolis, MN 55414
(612) 333-6371

-and-

Date: DEC 5 2006

JOHN J. HIGGINS, ATTORNEY AT LAW

By *[signature]*
John J. Higgins, #11838
209 South 19th Street, Suite 551
Omaha, NE 68102-1755
(402) 341-9970

**ATTORNEYS FOR PLAINTIFF**